Sealed
Public and unofficial staff access to this instrument are prohibited by court order

United States Courts
Southern District of Texas
FILED
June 16, 2022
Nathan Ochsner, Clerk of Court

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA § | |
| § | |
| v.  § | CRIMINAL NO. **4:22-cr-282** |
| § | |
| ROBERT LARA § | |

# INDICTMENT

THE GRAND JURY CHARGES THAT:

## INTRODUCTION

1. At all relevant times, defendant ROBERT LARA was employed by the United States Postal Service (USPS), which was an agency of the United States government, and assigned to the Conroe Post Office, which is located in the Southern District of Texas.

2. Defendant LARA worked as a Vehicle Maintenance Operations Assistant (VOMA). In this role, LARA was authorized to, among other things, recommend vendors to wash and perform routine maintenance on USPS vehicles, and to negotiate price and performance schedules with those same vendors.

3. USPS vehicle maintenance vendors were paid by interstate wire transmissions. Specifically, after USPS employees such as LARA authorized services to be performed, and after the vendor performed the work, the vendor would charge a government credit card for the amount of the service provided. U.S. Bank Voyager Fleet Systems, Inc. (Voyager), the contractor for this government credit card program, would then send an interstate wire to the vendor's account. In addition, USPS vehicles transported mail that traveled in and affected interstate commerce, and they themselves traveled on roads and highways in interstate commerce.

1

4.  Vendor A was an individual who performed maintenance on USPS vehicles from approximately November 2016 through July 2017. Vendor A was paid for this work at a JPMorgan Chase bank account ending in -7850, which was located in the Southern District of Texas. Vendor B was an individual who performed maintenance on USPS vehicles at the Willis, Texas Post Office from July through October 2017. Vendor B was paid for this work at a JPMorgan Chase bank account ending in -7328, which was located in the Southern District of Texas.

5.  In approximately November 2016, defendant LARA began soliciting illegal kickback payments from Vendor A, explaining that if Vendor A wanted to receive maintenance contracts from the Conroe Post Office, he would need to give cash to defendant LARA. Vendor A agreed, and on approximately 15 separate occasions between December 2016 and July 2017, USPS payments were wired into Vendor A's bank account. Vendor A then withdrew a portion of the payment in cash and provided it to defendant LARA.

6.  In approximately early August 2017, after Vendor A had declined to make further kickback payments, defendant LARA approached Vendor B. Defendant LARA offered Vendor B work at the Conroe Post Office, in exchange for cash kickbacks. Vendor B declined to make the payments as demanded, and in response, defendant LARA did not recommend Vendor B for work at the Conroe Post Office, and he caused Vendor B to lose his contracting work at the Willis Post Office.

## COUNT ONE
### (Hobbs Act Extortion)

7.  On or about June 28, 2017, in the Southern District of Texas and elsewhere, Defendant

**ROBERT LARA**

did knowingly obstruct, delay, and affect, and attempt to obstruct, delay, and affect, in any way and degree, commerce and the movement of articles and commodities in commerce by extortion,

as those terms are defined in Title 18, United States Code, section 1951; that is, Defendant obtained property, to wit, money, not due Defendant LARA or his office, from Vendor A, under color of official right.

In violation of Title 18, United States Code, Sections 1951(a) and 2.

## COUNT TWO
### (Hobbs Act Extortion)

8. On or about July 5, 2017, in the Southern District of Texas and elsewhere, Defendant

### ROBERT LARA

did knowingly obstruct, delay, and affect, and attempt to obstruct, delay, and affect, in any way and degree, commerce and the movement of articles and commodities in commerce by extortion, as those terms are defined in Title 18, United States Code, section 1951; that is, Defendant obtained property, to wit, money, not due Defendant LARA or his office, from Vendor A, under color of official right.

In violation of Title 18, United States Code, Sections 1951(a) and 2.

## COUNT THREE
### (Hobbs Act Extortion)

9. On or about August 4, 2017, in the Southern District of Texas and elsewhere, Defendant

### ROBERT LARA

did knowingly obstruct, delay, and affect, and attempt to obstruct, delay, and affect, in any way and degree, commerce and the movement of articles and commodities in commerce by extortion, as those terms are defined in Title 18, United States Code, section 1951; that is, Defendant attempted to obtain property, to wit, money, not due Defendant LARA or his office, from Vendor B, under color of official right.

In violation of Title 18, United States Code, Sections 1951(a) and 2.

## COUNTS FOUR & FIVE
### (Wire Fraud)

10. Beginning in at least November 2016 and continuing through at least August 2017, in the Southern District of Texas and elsewhere, the defendant

### ROBERT LARA

did knowingly devise and intend to devise a scheme and artifice to defraud, and for obtaining money and property by means of false and fraudulent pretenses, representations, and promises, and to defraud the USPS of its right to LARA's honest services, and to knowingly use and cause to be used interstate wire communications facilities in carrying out the scheme to defraud.

### Manner and Means of the Scheme

It was part of the scheme that:

11. In his official position as VOMA for the Conroe Post Office, defendant LARA recommended Vendor A and Vendor B for USPS work, and then negotiated price and payment schedules with Vendor A;

12. Defendant LARA caused the USPS to send interstate wire transmissions to the bank accounts of Vendor A and Vendor B as payment for their work on each maintenance job;

13. Defendant LARA solicited kickbacks from Vendor A and Vendor B, conditioning the receipt of future contracts on payment of these kickbacks to him; and

14. Defendant LARA caused Vendor A to make cash withdrawals from his bank account and provide the cash to defendant LARA.

## Execution of the Scheme

15. On or about the dates listed below, in the Southern District of Texas and elsewhere, defendant LARA did cause by means of false pretenses, representations, and promises, the following wire transfers:

| COUNT | DATE | AMOUNT | WIRE DESCRIPTION |
| --- | --- | --- | --- |
| 4 | June 28, 2017 | $410.12 | Interstate wire transmission into Vendor A's -7850 bank account at JPMorgan Chase Bank. |
| 5 | July 5, 2017 | $984.30 | Interstate wire transmission into Vendor A's -7850 bank account at JPMorgan Chase Bank. |

In violation of Title 18, United States Code, Sections 1343 and 1346.

## NOTICE OF CRIMINAL FORFEITURE
## (18 U.S.C. § 981(a)(1)(C))

16. The allegations contained in Counts 1 through 5 of this Indictment are hereby realleged and incorporated by reference for the purpose of alleging forfeitures pursuant to Title 18, United States Code, Sections 981(a)(1)(C) and Title 28 United States Code, Section 2461.

17. Pursuant to Title 18, United States Code, Section 981(a)(1)(C) and Title 28 United States Code, Section 2461, upon conviction of an offense in violation of Title 18, United States Code, Sections 1951 and/or 1343, the defendant, ROBERT LARA, shall forfeit to the United States of America any property, real or personal, which constitutes or is derived from proceeds traceable to a violation of those sections.

18. If any of the property described above, as a result of any act or omission of the defendant:

    a. cannot be located upon the exercise of due diligence;

  b.  has been transferred or sold to, or deposited with, a third party;

  c.  has been placed beyond the jurisdiction of the court;

  d.  has been substantially diminished in value; or

  e.  has been commingled with other property which cannot be divided without difficulty,

the United States of America shall be entitled to forfeiture of substitute property pursuant to Title 21, United States Code, Section 853(p), as incorporated by Title 28, United States Code, Section 2461(c).

  All pursuant to 18 U.S.C. § 981(a)(1)(C) and 28 U.S.C. § 2461(c).

A TRUE BILL:

  Original Signature on file
  FOREPERSON OF THE GRAND JURY

JENNIFER B. LOWERY
UNITED STATES ATTORNEY

SEBASTIAN EDWARDS
JOHN P. PEARSON
Assistant United States Attorneys